**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **1:25-MJ-498** |
| **JAMES CHRISTOPHER HOYT,** | § | |
| **Defendant.** | § | |

## ORDER

The Government's First Motion to Continue the Detention Hearing (Dkt. 6) is before the court. The Government's requested motion for continuance is **DENIED**. The Government has already received the benefit of a three-day continuance as authorized by 18 U.S.C. § 3142. Any further continuance requires the Defendant's consent, which is not the case here. Furthermore, the basis of the Government's motion is baffling. The Defendant has been charged with a criminal offense by the United States of America, by and through its counsel, the United States Department of Justice. Yet the justification for the requested continuance appears to be that only a single government prosecutor can handle this matter and that prosecutor has previous travel commitments that prevent him from being present on Friday, May 2, 2025. With 30 years of experience and familiarity with federal criminal prosecution, the undersigned has never heard that excuse before.

To be clear, the Government's motion for a further continuance is denied because (a) any further continuance is not authorized under the law and (b) the basis for the requested continuance lacks anything approaching "good cause."

SIGNED April 30, 2025.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE

1