**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **No. 1:25-MJ-498** |
| | § | |
| **JAMES CHRISTOPHER HOYT,** | § | |
| **Defendant.** | § | |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

There is a presumption of detention in this case because there is probable cause to believe that the defendant committed an offense listed in Title 18, United States Code § 3142(e)(3) and (f)(1). The presumption shifts to the defendant for only the burden of producing rebutting evidence, not the burden of persuasion. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). Assuming the defendant has produced adequate rebutting evidence, the presumption remains a factor to be considered by the court and "may be weighed in the evidentiary balance." *Id.*

After a review of the charging instrument(s), the Government's Motion to Detain, the pretrial services report, the evidence presented and the arguments of counsel, I find:

a) by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance because there is a serious risk that the defendant will flee and,

b) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

My decision is based upon the following factors: the nature of the charges described in the Criminal Complaint, namely Distribution of Material Involving the Sexual Exploitation of Minors in violation of Title 18, United States Code § 2252(a)(2); the significant statutory and guideline penalties associated with any potential future conviction on these charges and the weight of the evidence against the defendant. The most compelling justification for the continued detention of the defendant is the combination of his prior criminal conduct with the vast collection of child pornography and his continued online involvement in the distribution of child pornography with others. The Defendant's enormous financial resources coupled with his age and the likely long penitentiary sentence gives the Defendant both the ability and motivation to flee the jurisdiction. In addition, detention of the defendant is also warranted for the reasons set forth in the pretrial services report (pages 4-5) as factors related to the defendant's risk of nonappearance and danger.

### Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.   On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED May 2, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

–2–